## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRA JOHNSON,
336 Crescent Street
Harrisburg, PA 17103

        Plaintiff,

   v.

UNITED STATES POSTAL SERVICE,
1425 Crooked Hill Road
Harrisburg, PA 17107

        Defendant.

CIVIL ACTION NO:

COMPLAINT WITH JURY DEMAND

## CIVIL ACTION COMPLAINT

Plaintiff Tyra Johnson (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant United States Postal Service (hereinafter "Defendant").

## INTRODUCTION

1.    Plaintiff has initiated this action to redress Defendant's violations of the Family and Medical Leave Act (hereinafter "FMLA").  Defendant unlawfully fired Plaintiff because she requested and/or took FMLA-protected medical leave and/or to prevent Plaintiff from taking further FMLA-protected medical leave.  As a result of Defendant's conduct, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA.

3.       This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4.       Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.       The foregoing paragraphs are incorporated herein as if set forth in full.

6.       Plaintiff is an adult individual, with an address as set forth in the caption.

7.       Defendant does business at the address set forth above.

8.       At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

9.       The foregoing paragraphs are incorporated herein as if set forth in full.

10.      In or around June 2013, Defendant hired Plaintiff as a Mail Handler Assistant.

11.      Plaintiff's duties as a Mail Handler Assistant included, but not limited to, operating large machinery.

12.      On or around April 6, 2015, Plaintiff discovered she was pregnant.

13.      Previously, Plaintiff had suffered two (2) miscarriages.

14.      Given Plaintiff's prior miscarriages, Plaintiff's physician deemed Plaintiff's pregnancy to be "high-risk".

15.     Accordingly, Plaintiff's physician advised her to attend checkup appointments every two (2) weeks so he could monitor Plaintiff's pregnancy.

16.     Thereafter, Plaintiff informed Defendant of her pregnancy and applied and was approved for intermittent FMLA leave.

17.     Plaintiff also asked Defendant that she be permitted to not drive the forklift, load and unload trucks and drive the jitney.

18.     Initially, Defendant provided these accommodations to Plaintiff.

19.     In or around May 2015, Defendant converted Plaintiff into a "career" Mail Handler (i.e. a permanent position).

20.     Thereafter, Defendant stopped providing the aforementioned accommodations to Plaintiff.

21.     In or around mid-May 2015, Plaintiff also formally requested an accommodation from Defendant in the form of a "light duty" work restriction and submitted a doctor's note supporting said request.

22.     Defendant denied Plaintiff's request for said accommodation and sent her home.

23.     Around a week later, Plaintiff again requested the accommodation from Defendant pursuant to the note from her physician.

24.     Later that day, despite Defendant having approved light duty work restrictions for other employees in the past, Defendant forced Plaintiff to take an unpaid leave of absence from work for one week and informed Plaintiff that she could return to work following said leave if she could work without restrictions.

25.     At the conclusion of the one-week leave, Plaintiff informed Defendant that her physician would not release her to work without restrictions and reiterated her request for a light duty accommodation.

26.     However, Defendant denied her request and directed her to remain out of work.

27.     Throughout the month of June 2015, Defendant repeatedly refused to let Plaintiff return to work due to her continued need for a light duty work accommodation.

28.     In or around end of June 2015, Plaintiff applied for and received unemployment benefits.

29.     Thereafter, in or around the beginning of July 2015, Defendant granted Plaintiff's request for light duty and allowed Plaintiff to return to work, which Plaintiff did.

30.     On or around August 25, 2015, while on duty, Plaintiff began to suffer complications due to her pregnancy.

31.     Plaintiff immediately filled out a leave-of-absence request slip, which Plaintiff's supervisor Steve (Last Name Unknown) signed, and went to the emergency room to seek treatment.

32.     Plaintiff's physician directed her to take off from work for two days.

33.     Accordingly, Plaintiff called out of work on August 26th and August 27th.

34.     On or around August 28, 2015, Plaintiff received a letter from Defendant informing her that Defendant had terminated her employment.

35.     Defendant stated that Plaintiff was fired because she was not a "dependable employee."

36.     Defendant's alleged reasons for Plaintiff's termination are pretextual.

37.     In fact, Defendant terminated Plaintiff because of her requests for FMLA leave, and/or for taking FMLA leave, and/or to prevent her from taking further FMLA leave in the future.

38.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT I
## Violations of the Family and Medical Leave Act
### (Interference)

39.     The foregoing paragraphs are incorporated herein as if set forth in full.

40.     Plaintiff was an eligible employee under the definitional terms of the FMLA.

41.     As of April 2015, Plaintiff was employed by Defendant for at least twelve (12) months.

42.     Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) month period preceding April 2015.

43.     Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2015 and 2014.

44.     Plaintiff's complications due to her pregnancy constituted a serious health condition.

45.     Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave.

46.     Defendant interfered with Plaintiff's FMLA rights by firing her for requesting an FMLA leave and/or for having taken FMLA leave, and/or to prevent her from taking FMLA in the future.

47.     As a result of Defendant's actions as described above, Defendant violated the FMLA causing Plaintiff to suffer damages.

## COUNT II
## Violations of the Family and Medical Leave Act
### (Retaliation)

48.     The foregoing paragraphs are incorporated herein as if set forth in full.

49.     Defendant retaliated against Plaintiff by firing her for requesting and/or taking FMLA leave.

50.     As a result of Defendant's actions as described above, Defendant violated the FMLA causing Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA qualifying leaves and/or their health conditions;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost and future lost earnings;

C.      Plaintiff is to be awarded liquidated damages;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

E.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

*(Signatures on next page)*

6

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Matthew D. Miller*
Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
1101 Kings Hwy N, Ste. 402
Cherry Hill, NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
Attorneys for Plaintiff

Dated: August 4, 2017